**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

THE ESTATE OF DARVIN MUMPHREY
and KELSIE DIAZ, ON BEHALF OF          CIVIL ACTION NO.
HIS MINOR CHILD KARSYM MUMPHREY

                                       DISTRICT COURT JUDGE:

VERSUS

                                       MAGISTRATE JUDGE:

SHERIFF BOBBY WEBRE, ASCENSION PARISH
SHERIFF'S DEPARTMENT, DEPUTY JOHN DOE,
DEPUTY JOHN DOE, DEPUTY JOHN DOE, DEPUTY
JOHN DOE, DEPUTY JANE DOE, XYZ CORPORATION,
ABC INSURANCE, and JANE DOE
**************************************************************************

## NOTICE OF REMOVAL

Defendants, Sheriff Bobby Webre, Donald Allen Davidson, Jr., Ryan Byrd, Thomas

Andrew Michel, Adam Leroy Billiot, Jr., William Morton Glass, Kendric Baker, Andrew Samson,

and Jacob Ozol hereby file notice pursuant to 28 U.S.C. § 1441, *et seq.*, of removal of the civil

action filed by The Estate of Darvin Mumphrey and Kelsie Diaz, on behalf of his minor child,

Karsym Mumphrey, from the Twenty-Third Judicial District Court in and for the Parish of

Ascension, incorrectly stated as the Parish of Iberia, State of Louisiana, to the District Court for

the Middle District of Louisiana.

1.

A civil action bearing the caption "*The Estate of Darvin Mumphrey and Kelsie Diaz, on*

*behalf of his minor child Karsym Mumhprey v. Sheriff Bobby Webre, Ascension Parish Sheriff's*

*Department, Deputy John Doe, Deputy John Doe, Deputy John Doe, Deputy John Doe, Deputy*

*Jane Doe, XYX Corporation, ABC Insurance, and Jane Doe,*" Civil Action Number C-146284,

Division B, commenced on December 1, 2025, in the 23rd Judicial District Court for the Parish of

Ascension, State of Louisiana, and that action is now pending in Ascension Parish.[1]  On March 3, 2026, without having served Defendants with the original Petition in this matter, Plaintiffs filed their *First Amended and Supplemental Petition for Damages*.[2]

2.

In their lawsuit styled "*The Estate of Darvin Mumphrey and Kelsie Diaz, on behalf of his minor child Karsym Mumphrey v. Sheriff Bobby Webre, Ascension Parish Sheriff's Department, Deputy John Doe, Deputy John Doe, Deputy John Doe, Deputy John Doe, Deputy Jane Doe, XYX Corporation, ABC Insurance, and Jane Doe*" Plaintiffs allege that on November 30, 2024, and while in the care and custody of the Ascension Parish Sheriff's Office as an inmate, Darvin Mumphrey required medical attention because he was under the influence of narcotics.[3]  Mr. Mumphrey was transported to Prevost Memorial Hospital to be medically cleared for incarceration.[4]  Despite the fact that Mr. Mumphrey's tests allegedly showed "clinical abnormalities," he was released to Corporal Kendric Baker "with specific instructions."[5]  Mr. Mumphrey was then placed in a video monitored cell.[6]  Plaintiffs allege that Mr. Mumphrey was not adequately monitored by APSO staff while he was in that cell.[7]

Plaintiffs also allege that Mr. Mumphrey was subjected to various uses of force on December 1, 2024, and that said force was excessive to the need and which resulted in his death.[8]  Plaintiffs allege, with a lack of specificity, that "multiple deputies" were present for this event but failed to intervene.[9]

---

[1] See Exhibit A, *in globo,* Plaintiffs' original Petition pages 32-36.
[2] *Id.*, page 60, ¶ 12.
[3] *Id.*, ¶ 13.
[4] *Id.*
[5] *Id.*, Plaintiffs' First Amended and Supplemental Petition for Damages, page 69, supplemental and amended ¶ 13.
[6] *Id.*
[7] *Id.*, page 70, ¶ 25.
[8] *Id.*, page 69, supplemental and amended ¶ 14.
[9] *Id.*, page 70, supplemental and amended ¶ 23.

3.

The Estate of Darvin Mumphey and Kelsie Diaz, on behalf of Karsym Mumphrey ("Plaintiffs") have sued Sheriff Bobby Webre, Donald Allen Davidson, Jr., Ryan Byrd, Thomas Andrew Michel, Adam Leroy Billiot, Jr., William Morton Glass, Kendric Baker, Andrew Samson, and Jacob Ozol for an alleged failure to provide Mr. Mumphrey with medical care in violation of the Fourteenth Amendment of the United States Constitution.[10]  Plaintiffs have also sued unspecified Defendants under the Fourth Amendment, presumably relative to Plaintiffs' claim of excessive force.[11] As such, this action arises under 42 U.S.C. § 1983, which is explicitly pleaded by Plaintiffs,[12] as is Plaintiffs' express statement that they are bringing "constitutional" claims.[13] Plaintiffs have also sued Defendants under Louisiana state law theories of gross negligence, ordinary negligence, and vicarious liability.[14]  Unserved parties Nurse Nedra, Candice Foussell, Ty Gautreau and Advantage Medical Professionals have also been named parties for purportedly having provided healthcare services to those incarcerated at the Ascension Parish Jail.[15] However, these individuals are not employees of the Ascension Parish Sheriff's Office.  Presumptively, Advantage Medical Professionals, Inc. is the employer of Nurse Nedra, Candice Foussell, and Ty Gautreau.

4.

Plaintiffs specifically request relief pursuant to the Fourth and Fourteenth Amendments to the United States Constitution for the complained of and alleged acts.[16]

---

[10] *Id.*, page 72, ¶ 31(c) and page 74, ¶ 33.
[11] *Id.*, page 74, ¶ 33.
[12] *Id.*, ¶ 34.
[13] *Id.*, ¶ 32.
[14] *Id.*, page 33, ¶ 3; page 73, ¶ 31(i); and page 61, ¶ 16.
[15] *Id.*, page 73, ¶ 31(j).
[16] *Id*, pages 73-74, ¶ 33.

5.

This civil action is one in which the United States District Court for the Middle District of Louisiana unquestionably has jurisdiction by virtue of 28 U.S.C. §§ 1331 and 1343 and, also, because Plaintiffs' claims flow from the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiffs have also asserted claims arising under Louisiana Civil Code articles 2315 and 2320.  Jurisdiction over those claims arises out of 28 U.S.C. § 1367.

6.

Plaintiffs' federal claims arise under 42 U.S.C. § 1983.  Section 1983 does not create substantive rights but is a procedural rule that provides a private cause of action for redressing a violation of federal law.  *S.W. Bell Telephone Co., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008).  Therefore, an underlying constitutional or statutory violation is a predicate to any theory of liability under § 1983.  *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989).  A constitutional tort arising under 42 U.S.C. § 1983 is removable because it is a civil action founded upon claims under the Constitution and/or laws of the United States.  *Quinn v. Guerrero*, 863 F.3d 353, 358-59 (5th Cir. 2017), *cert. denied*, 138 S.Ct. 682, 199 L.Ed.2d 537 (2018).

7.

Venue of this removed action is proper in this Honorable Court because the parish from which the state court action has been removed belongs to and/or forms part of the United States District Court for the Middle District of Louisiana.  *See* 28 U.S.C. § 1441(a); and 28 U.S.C. § 1443.

8.

This Notice of Removal has been filed within thirty (30) days of service of the Plaintiffs' original *Petition* and their *First Amended and Supplemental Petition for Damages*. More specifically, Sheriff Bobby Webre, Donald Allen Davidson, Jr., Ryan Byrd, Thomas Andrew Michel, Adam Leroy Billiot, Jr., William Morton Glass, Kendric Baker, Andrew Samson, and Jacob Ozol were served on March 9, 2026.[17] No other parties have been served as of the date of this filing. Therefore, this Notice of Removal is timely.

9.

By filing this Notice of Removal, Sheriff Bobby Webre, Donald Allen Davidson, Jr., Ryan Byrd, Thomas Andrew Michel, Adam Leroy Billiot, Jr., William Morton Glass, Kendric Baker, Andrew Samson, and Jacob Ozol expressly consent to removal of Plaintiffs' action to federal court.[18]

10.

All process, pleadings, and orders filed in the state court action are collectively attached hereto as Exhibit A, *in globo.*  Undersigned counsel certifies that, per the 23rd JDC Clerk of Court, this comprises the complete state court record as of the date and time of this filing.

11.

In keeping with the requirements of 28 U.S.C. § 1446(d), Sheriff Bobby Webre, Donald Allen Davidson, Jr., Ryan Byrd, Thomas Andrew Michel, Adam Leroy Billiot, Jr., William Morton Glass, Kendric Baker, Andrew Samson, and Jacob Ozol have this day given and served written

---

[17] *Id*, pages 22, 24, 26, 28, 30, 38, 40, 42, 44, 46, 48, 50, and 52.
[18] See Exhibit B.

notice of this removal to Plaintiffs by mailing a copy of this pleading and all attachments to Plaintiffs' counsel of record, Alana M. Perrin.

12.

Undersigned counsel also certifies that a Notice of Filing Notice of Removal (attached hereto as Exhibit "D"), along with a copy of this Notice of Removal and all accompanying exhibits, has contemporaneously been filed with the 23rd Judicial District Court for the Parish of Richland, State of Louisiana, as required by 28 U.S.C. § 1446(d).

13.

In further accordance with the requirements of 28 U.S.C. § 1446(a) and Federal Rule of Civil Procedure 11, undersigned counsel states that the representations made in this Notice of Removal are well-grounded in fact, are warranted by existing law, and that this matter is within this Court's jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 1367, and 28 U.S.C. 1441, *et seq.*

**WHEREFORE**, Sheriff Bobby Webre, Donald Allen Davidson, Jr., Ryan Byrd, Thomas Andrew Michel, Adam Leroy Billiot, Jr., William Morton Glass, Kendric Baker, Andrew Samson, and Jacob Ozol submit that this Notice of Removal should be looked upon favorably by this Honorable Court and that the aforementioned action, "*The Estate of Darvin Mumphrey and Kelsie Diaz, on behalf of his minor child Karsym Mumphrey v. Sheriff Bobby Webre, Ascension Parish Sheriff's Department, Deputy John Doe, Deputy John Doe, Deputy John Doe, Deputy John Doe, Deputy Jane Doe, XYX Corporation, ABC Insurance, and Jane Doe,*" Civil Action Number C-146284, Division B,, in and for the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, be removed from that court to the United States District Court for the Middle District of Louisiana, and that this Honorable Court have and assume full and complete jurisdiction thereof,

6

issue all necessary orders, and grant all general and equitable relief to which the Defendants might

be entitled, and that all further proceedings in the state court be discontinued.

Respectfully submitted,

RODRIGUE & ARCURI, LLP

 s/ *Jason P. Wixom*
BLAKE J. ARCURI (LSBN #32322)
LAURA C. RODRIGUE (LSBN #30428)
JASON P. WIXOM (LSBN #32273)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel:  (504) 592-4600 Fax: (504) 592-4641
COUNSEL FOR DEFENDANTS
Email: blake@rodriguearcuri.com
         laura@rodriguearcuri.com
         jason@rodriguearcuri.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of March, 2026, a copy of the foregoing was

filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will

be sent by operation of the court's electronic filing system.  I also certify that a copy of the

foregoing will be sent to all non-CM/ECF participant(s) by United States Mail, properly addressed

and postage pre-paid.

 s/ *Jason P. Wixom*
JASON P. WIXOM